UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMECO A. CARGILL, | ) | CASE NO.: 4:24CV1280 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | U.S. DISTRICT JUDGE |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN IAN HEALY, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

Pro se Petitioner Tammeco A. Cargill filed a 28 U.S.C. § 2241 petition (ECF Nos. 1, 2) challenging the Bureau of Prison's ("BOP") determination of his eligibility to good conduct time credit under the First Step Act of 2018 ("FSA"). Cargill has also moved for emergency injunctive relief seeking an order that would immediately place him in a residential reentry facility. (ECF No. 3). This matter was referred to the undersigned on September 11, 2024.

Cargill is a federal inmate at Elkton Federal Correctional Institution. According to the petition, Cargill attempted to enter the United States with a fraudulently obtained passport in January 2009 and was denied entry. He states that he "departed voluntarily with a government escort" after an immigration officer provided Cargill a notice and order of expedited removal, which barred him from the United States for five years. In September 2010, Cargill was discovered in the United States and an immigration officer reinstated the prior order of expedited removal. Cargill states that he then applied for a visa, which was approved in August 2011. Cargill claims that this visa should have voided the prior order of removal. In November 2016, Cargill was advised that an immigration detainer was filed against him because there was reason to believe he

1

may be subject to removal based on his criminal convictions. On November 8, 2019, he was sentenced to a 60-month term of imprisonment for passport fraud. (ECF No. 2 at 1-2).

In September 2023, Cargill filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the BOP's August 2023 determination as to his eligibility for sentence credits under the FSA and the status of his immigration detainer. *See Cargill v. Healy*, No. 4:23-CV-01755-CEF. The Court dismissed Cargill's petition for failing to exhaust his administrative remedies. *See Cargill v. Healy*, No. 4:23-CV-01755-CEF, 2024 WL 1683600, 2024 U.S. Dist. LEXIS 73167, *9 (N.D. Ohio Mar. 1, 2024), *report and recommendation adopted*, No. 4:23-CV-01755, 2024 WL 1676857, 2024 U.S. Dist. LEXIS 70582 (N.D. Ohio Apr. 18, 2024).

Cargill now files this petition, challenging the BOP's June 2024 eligibility determination for sentencing credits. The petition reveals that Cargill appealed his eligibility determination to the BOP's regional office in April 2024. Cargill claims that he is eligible to earn FSA credits toward an early release from prison, but the BOP misconstrued an immigration document as a final order of deportation. He argues, therefore, that the BOP incorrectly determined that he was ineligible for good time credit due to being subject to a final order of removal.

Section 3632(d)(4)(E)(i) of the FSA makes an inmate who is the subject of a "final order of removal under any provision of the immigration laws" ineligible to apply FSA time credits. 18 U.S.C. § 3632(d)(4)(E)(i). This section explicitly references and incorporates the definition of "immigration laws" under § 101(a)(17) of the Immigration and Nationality Act ("INA"). *Id*. The INA defines "immigration laws" as "this Act and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, expulsion, or removal of aliens." 8 U.S.C. § 1101(a)(17). Additionally, the INA defines the term "order of deportation" as an "order

2

... concluding that the alien is deportable or ordering deportation." 8 U.S.C. § 1101(a)(47).

The Court ordered the Warden to respond to Cargill's motion for injunctive relief by September 30, 2024. (*See Order* [non-document] September 16, 2024). The Warden moved on October 2, 2024 for leave to file its response to the motion *instanter*. (ECF No. 6). The Warden's motion for leave to file its response *instanter* (ECF No. 6) is GRANTED and the response shall be deemed filed as of October 2, 2024. Additionally, On October 2, 2024, the Warden responded to Cargill's petition. (ECF No. 7). The Warden included the Decision to Reinstate Prior Order of Removal as an attachment to the Answer. (ECF No. 7-4). Accordingly, Cargill is subject to a final order of removal and ineligible to receive First Step Act time credits.[1]

Cargill seeks to avoid this conclusion by arguing that somehow his final order of removal has expired or is otherwise invalid. Cargill appears to rely upon the fact aliens that have previously been removed are only prohibited from seeking admission for a period of five years. 8 U.S.C. § 1182(a)(9). However, nothing contained in that prohibition impacts the validity of Cargill's final order of removal. In other words, the mere fact that Cargill could seek lawful admission after a period of five years does not alter the fact that he has a final order of removal. No statute, rule, or regulation exists to limit the duration of that final order of removal. Cargill's argument is further undermined by 8 U.S.C. § 1231(a)(5) which provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, *the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed*, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior

---

[1] Even if the Court did not allow the Warden's motion for leave to file the response *instanter* (ECF No. 6), the Court would take judicial notice of the proceedings that occurred in Cargill's prior petition. *Cargill v. Healy*, No. 4:23-CV-01755-CEF. Therein, the Government filed the Decision to Reinstate Prior Order of Removal. Case No. 4:23CV1755, ECF No. 8-3.

order *at any time* after the reentry.

8 U.S.C.A. § 1231(a)(5)(emphasis added).

The above provision makes clear that Cargill's order of removal was properly reinstated when he unlawfully entered the country. Moreover, the provision makes clear that there is no timeframe after which the order of removal would cease to be enforceable. Cargill, therefore, has no valid argument that he is eligible for good conduct time credits under the First Step Act.

**Recommendation**

Because Cargill's sole ground for relief lacks merit, I recommend that the Court DENY his motion for emergency injunctive relief and his petition and not grant him a certificate of appealability.

DATED: October 2, 2024

s/ Carmen E Henderson<br>
Carmen E. Henderson<br>
United States Magistrate Judge

_____

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).