UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMECO A. CARGILL, | ) | CASE NO. 4:24-cv-1280 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN IAN HEALY, | ) | **ORDER ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION** |
| Respondent. | ) | |
| | ) | |
| | ) | |

Pending before the Court are three filings: (i) Petitioner Tammeco Cargill's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (ECF No. 1);[1] (ii) Petitioner's Motion for Emergency Injunction ("Injunction Motion") (ECF No. 3); and (iii) Respondent Warden Healy's Motion to Dismiss (ECF No. 7). Magistrate Judge Carmen E. Henderson filed a Report and Recommendation ("R&R") on October 2, 2024 and October 16, 2024, which collectively recommended that the Court deny the Injunction Motion and Petition on the merits, as well as deny the Motion to Dismiss as moot. (ECF Nos. 8, 12). Petitioner filed timely objections to the R&Rs. (ECF Nos. 13, 16). Upon consideration of Petitioner's objections, and a *de novo* review of the portions of the record to which Petitioner has objected, the Court **ADOPTS** the R&R in its entirety, **DENIES** the Petition and Injunction Motion, and **DENIES** the Motion to Dismiss as moot.

---

[1] Petitioner also filed a Motion for § 2241 Habeas Corpus (ECF No. 2) that the Court has construed as a brief in support of the Petition.

1

I.  **BACKGROUND**

  A.  **Immigration Proceedings/Documents**

On January 19, 2009, Petitioner tried to enter the United States while presenting a fraudulently obtained passport and misrepresenting that he was a United States citizen. (ECF No. 2, PageID #12; ECF No. 7-3, PageID #43). U.S. Customs and Border Protection agents issued a Notice and Order of Expedited Removal that found Petitioner inadmissible, ordered his removal from the United States, and notified Petitioner he was prohibited from entering, attempting to enter, or being in the United States for 5 years ("Initial Removal Order"). (ECF No. 7-3, PageID #43–44). The same day, Petitioner was removed from the United States. (ECF No. 2, PageID #12). On September 17, 2010, the Department of Homeland Security issued a Notice Intent/Decision to Reinstate Prior Order ("2010 Reinstatement Order") after Petitioner was found to have illegally reentered the United States. (ECF No. 2, PageID #12; ECF No. 7-4).

On October 6, 2010, a Form I-130, Petition for Alien Relative, was submitted to the United States Citizenship and Immigration Services ("USCIS") on behalf of Petitioner ("I-130 Petition"). (ECF No. 2, PageID #12). The I-130 Petition was approved on August 18, 2011. (ECF No 2, PageID #12; *Case Status Online*, U.S. Citizenship and Immigration Services, https://egov.uscis.gov/ (enter "EAC1190005588" in the receipt number field; click the "Check Status" button).

On September 20, 2024, the Department of Homeland Security reinstated the Initial Removal Order by issuing a new Notice Intent/Decision to Reinstate Prior Order based on Petitioner illegally reentering the United States ("2024 Reinstatement Order"). (ECF No. 20-1, PageID #123).

### B. Petitioner's Current Incarceration

On November 8, 2019, Petitioner was sentenced in the Eastern District of New York to an aggregate 121-month term of imprisonment for passport fraud, racketeering, and racketeering conspiracy. (ECF No. 1, PageID #1; ECF No. 7-1, PageID #35–36); Judgment, *United States v. Cargill*, No. 1:17-cr-330 (E.D. NY Nov. 15, 2019). Petitioner's release date is projected to be June 13, 2025. (ECF No. 7, PageID #31; ECF No. 7-1, PageID #36, 39).

Petitioner has been incarcerated at Elkton Federal Correctional Institution ("FCI Elkton") since July 26, 2022. (ECF No. 7-1, PageID #36; ECF No. 7-2). After learning that he had been found ineligible for First Step Act ("FSA") credits because he was subject to a final order of removal, Petitioner appealed this determination to FCI Elkton and the U.S. Bureau of Prisons ("BOP"), and he has since exhausted all available administrative remedies. (ECF No. 7-1, PageID #36).

### C. Instant Proceedings before the Court

On July 26, 2024, Petitioner filed the Petition, challenging the BOP's determination that he was subject to a final order of removal and therefore ineligible for FSA credit. (ECF No. 1; ECF No. 2, PageID #13–16). The same day, Petitioner also filed the Injunction Motion, requesting that the Court order Respondent to "correctly apply First Step Act Time Credits." (ECF No. 3, PageID #17). Petitioner primarily argues that there is no final order of removal because the Initial Removal Order and 2010 Reinstatement Order have expired or are otherwise invalid. (ECF No. 2, PageID #13–15). Respondent moved to dismiss the Petition on October 2, 2024. (ECF No. 7). Respondent argues that Petitioner is ineligible for FSA time credit under 18 U.S.C. § 3632(d)(4)(E)(i) because he is subject to a final order of removal, citing the Initial Removal Order. (ECF No. 7, PageID #31–33; ECF No. 7-3).

On October 2, 2024, Magistrate Judge Henderson issued a Report and Recommendation ("R&R") finding that Petitioner's sole ground for relief lacked merit and recommending the Court deny the Petition and Injunction Motion. (ECF No. 8). Citing the 2010 Reinstatement Order, the magistrate judge found that Petitioner was subject to a final order of removal and was therefore ineligible to receive FSA time credits. (*Id.* at PageID #49). The magistrate judge found Petitioner's arguments attacking the validity of a final order of removal lacked merit:

> Cargill seeks to avoid this conclusion by arguing that somehow his final order of removal has expired or is otherwise invalid. Cargill appears to rely upon the fact aliens that have previously been removed are only prohibited from seeking admission for a period of five years. 8 U.S.C. § 1182(a)(9). However, nothing contained in that prohibition impacts the validity of Cargill's final order of removal. In other words, the mere fact that Cargill could seek lawful admission after a period of five years does not alter the fact that he has a final order of removal. No statute, rule, or regulation exists to limit the duration of that final order of removal.

(*Id.*).

On October 9, 2024, Petitioner filed a response in opposition to Respondent's motion to dismiss and in support of the Injunction Motion. (ECF Nos. 9, 10). Petitioner argued that he was not subject to a final order of removal because the Initial Removal Order and the 2010 Reinstatement Order had expired or were voided by the approval of the I-130 Petition. (*See* ECF No. 9, PageID #56–57; ECF No. 10, PageID #59).

Magistrate Judge Henderson issued a supplemental R&R on October 16, 2024. (ECF No. 79). The supplemental R&R found that Petitioner's reply and opposition to the motion to dismiss did not alter the analysis or recommendation in the initial R&R and further recommended that the Court deny the motion to dismiss as moot. (*Id.* at PageID #79).

4

On October 21, 2024, Petitioner filed an objection to the initial R&R, arguing that there was no final order of removal because he never underwent formal proceedings under 8 U.S.C. § 1229a. (ECF No. 13, PageID #82). Petitioner filed an objection to the supplemental R&R on November 7, 2024. (ECF No. 16). He argues that: (i) he is a lawful resident (green card) based on the approval of the I-130 Petition; and (ii) there is no final order of removal. (*Id.*).

## II. LEGAL STANDARD

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the report and recommendation to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt a report and recommendation without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985). Pursuant to Fed. R. Civ. Proc. 72(b)(3), a district judge:

> [M]ust determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. Proc. 72(b)(3). An objection must address specific issues within the magistrate judge's report and recommendation. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That means that a petitioner must direct "the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position." *Ayers v. Bradshaw*, No. 3:07cv2663, 2008 WL 906100, at *2 (N.D. Ohio, Mar. 31, 2008) (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)).

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to

prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). That said, the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987).

### III. DISCUSSION

Petitioner challenges the BOP's determination that he is ineligible to earn and apply FSA time credits. (ECF No. 1). The responsibility for computing sentences and applying sentencing credits lies with the BOP. *Nieves v. Warden, FCI Elkton*, No. 4:19-cv-1966, 2020 U.S. Dist. LEXIS 3581, at *5 (N.D. Ohio Jan. 9, 2020). Under the First Step Act of 2018, eligible inmates who successfully participate in evidence-based recidivism reduction programs can earn time credits to be applied toward pre-release custody or early transfer to supervised release. 18 U.S.C. § 3632(d)(4)(A), 18 U.S.C. § 3624(g). However, not all inmates are eligible to earn or apply credits. The First Step Act specifically states that a federal prisoner is "ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C.§ 3632(d)(4)(E)(i).

On January 19, 2009, DHS issued a Notice and Order of Expedited Removal ("NOER") under § 235(b) of the Immigration and Nationality Act ("INA") against Petitioner deeming him inadmissible to the United States under § 212(a)(6)(C)(ii) of the INA (the Initial Order of Removal). (ECF No. 7-3, PageID #43–44). First, the Initial Removal Order constitutes a final

6

order of removal because "in the deportation context, a 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" *See Nasrallah v. Barr*, 590 U.S. 573, 579, 140 S. Ct. 1683, 207 L. Ed. 2d 111 (2020) (quoting 8 U.S.C. § 1101(a)(47)(A)). This district court, as well as others, have also determined that NOERs are final orders of removal that preclude the application of FSA time credits. *See, e.g.*, *Alexander v. Healy*, No. 4:23-cv-02384, 2024 U.S. Dist. LEXIS 82633, at *7–8 (N.D. Ohio May 7, 2024); *Batioja Cuero v. Warden, FCI Berlin*, No. 23-cv-065, 2024 U.S. Dist. LEXIS 164061, at *6 (D.N.H. Sept. 12, 2024) ("District courts across the country have found that NOERs like Batioja Cuero's are 'final order[s] of removal' for purposes of 18 U.S.C. § 3632(d)(4)(E)(i).") (collecting cases); *Harriot v. Jamison*, No. 24-cv-208, 2024 U.S. Dist. LEXIS 105813, at *10 (S.D.N.Y. June 13, 2024) (collecting cases).

Second, contrary to Petitioner's objection, NOERs like the Initial Removal Order do not require a hearing or formal proceedings before an immigration judge. Although "[t]he usual removal process involves an evidentiary hearing before an immigration judge," § 1225(b)(1) of the INA provides the requirements for expedited removal:

> An applicant is subject to expedited removal if . . . the applicant (1) is inadmissible because he or she lacks a valid entry document; (2) has not "been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility"; and (3) is among those whom Secretary of Homeland Security has designated for expedited removal.

*Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108–09, 140 S. Ct. 1959, 207 L. Ed. 2d 427 (2020) (quoting 8 U.S.C. § 1225(b)(1)(A)(i), (iii)(I)-(II)). If an applicant is subject to expedited removal and found inadmissible, "the officer must order the alien removed from the United States *without further hearing or review*." *Id.* at 109 (quoting 8 U.S.C. § 1225(b)(1)(A)(i)) (emphasis added). Moreover, 8 C.F.R. § 235.3(b)(2)(ii) provides that an alien deemed inadmissible under § 212(a)(6)(C) of the INA, like Petitioner, "is not entitled to a hearing before

7

an immigration judge in proceedings conducted pursuant to section 240 of the Act, or to an appeal of the expedited removal order to the Board of Immigration Appeals."

Petitioner's main objection is that there is no final order of removal because the Initial Removal Order and 2010 Reinstatement Order have both expired.[2] But this contention is now moot in light of the 2024 Reinstatement Order, which acted to reinstate the Initial Removal Order. (ECF No. 20-1, PageID #123). When an alien unlawfully returns to the United States after being ordering removed, reinstatement of the alien's prior order of removal is governed by 8 U.S.C. § 1231(a)(5). The statute provides that:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under [immigration laws], and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C § 1231(a)(5). The Sixth Circuit has reiterated that "when a final order is reinstated, the prior removal order is reinstated from the original date rather than from the date of reinstatement." *Sanchez-Gonzalez v. Garland*, 4 F.4th 411, 414 (6th Cir. 2021). The Sixth Circuit has also held

---

[2] Petitioner also contends that the Initial Removal Order has been voided because his I-130 Petition was approved on August 18, 2011, and this resulted in the issuance of a visa/green card and granted him status as a legal resident. (ECF No. 9, PageID #56; ECF No. 16, PageID #98–99). Yet Petitioner did not provide a copy of his I-130 Petition or any other documentation to support this contention. The Court was able to verify that USCIS approved a Form I-130, Petition for Alien Relative, Receipt Number EAC1190005588 on August 18, 2011. But a family-based immigrant visa is a two-step process. First, a U.S. citizen spouse ("petitioner") must file a Form I-130 petition with USCIS on behalf of his or her alien spouse ("beneficiary"). *See* 8 U.S.C. §§ 1151(b)(2)(A)(i), 1153(a), 1154(a)(1)(A); 8 C.F.R. §§ 204.1(a)(1), 204.2(a). Second, if USCIS approves the petition, the beneficiary must apply to the State Department for a visa. *See* 8 U.S.C. §§ 1201(a), 1202(a); 22 C.F.R. § 42.63(a)(1) ("Every alien applying for an immigrant visa must make an application, as directed by the consular officer . . . . This requirement may not be waived."). This visa application is then considered by a consular officer, who will either issue the visa or deny the application. *See* 22 C.F.R. § 42.81(a). Petitioner appears to be under the misapprehension that the approval of his I-130 Petition automatically granted him status as a lawful resident. The approval of the I-130 Petition merely indicates that Petitioner was classified an immediate relative of a United States citizen, but it did not result in the issuance of a visa or permanent resident states. *See United States v. Asibor*, 109 F.3d 1023, 1035 (5th Cir. 1997) ("[W]e note that the approval of Form I-130 results in the beneficiary of the petition being classified as an immediate relative for purposes of issuing a visa for admission to the United States; it does not grant a visa or permanent resident status."). He has provided no documentation or evidence that he submitted a visa application to the State Department, that such an application was granted, and that he currently possesses a green card. Thus, Petitioner's argument that the Initial Removal Order has been voided by the approval of his I-130 Petition is not well founded.

that a reinstated final order of removal is a final administrative decision that is not subject to review. *See Martinez v. Larose*, 968 F.3d 555, 563 (6th Cir. 2020); *Kolov v. Garland*, 78 F.4th 911, 916 (6th Cir. 2023). Thus, the Initial Removal Order has been reinstated and is effective as of its original date of issuance on January 19, 2009. Because the Initial Removal Order has been reinstated, Petitioner is the subject of a final order of removal and is ineligible to apply FSA time credits.[3]

## IV. CONCLUSION

For the foregoing reasons, Petitioner's objections (ECF Nos. 13, 16) are **OVERRULED**. The Court **ADOPTS** Magistrate Judge Henderson's R&Rs (ECF Nos. 8, 12) and incorporates them fully herein by reference. The Petition (ECF No. 1) and Injunction Motion (ECF No. 3) are **DENIED** and **DISMISSED**. Respondent's Motion to Dismiss (ECF No. 7) is **DENIED** as moot. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Date: January 21, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

[3] To the extent that Petitioner wishes to otherwise challenge the validity of the Initial Removal Order and the 2024 Reinstatement Order, the Court lacks subject-matter jurisdiction to consider such a challenge. *See Elgharib v. Napolitano*, 600 F.3d 597, 606 (6th Cir. 2010); *Almuhtaseb v. Gonzales*, 453 F.3d 743, 747 (6th Cir. 2006) ("The REAL ID Act renders petitions for review the exclusive means for judicial review for all orders of removal, except for limited habeas review of expedited removal orders."); 8 U.S.C. § 1252(e)(2) (providing the three enumerated categories over which a federal district court may exercise habeas jurisdiction over an expedited removal order, none of which are applicable here).